# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JEREMY L. WAND,<br><br>         Petitioner,<br>v.<br><br>STATE OF WISCONSIN,<br><br>         Respondent. | Case No. 17-CV-1712-JPS<br><br><br><br>**ORDER** |

  On December 8, 2017, Petitioner Jeremy L. Wand ("Wand") filed a document purporting to be a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that this conviction and sentence were imposed in violation of the Constitution and laws of the United States. (Docket #1). Normally, the Court's first task in such cases is to screen the petition under Rule 4 of the Rules Governing Section 2254 Proceedings. That Rule authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition. . .that the petitioner is not entitled to relief." This Rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Under Rule 4, the Court analyzes preliminary obstacles to review, such as whether the petitioner has complied with the statute of limitations, exhausted available state remedies, avoided procedural default, and set forth cognizable claims.

The Court cannot proceed to screening at present. Wand did not submit his Section 2254 petition using the form provided by the Court to state prisoners. Instead, it appears he largely copied the brief his lawyer wrote in his underlying appeal of the denial of state postconviction relief. *See* (Docket #1 at 1). This is not the proper way to seek habeas relief in this Court.

Use of the Court's form is required by Civil Local Rule 9(a)(1). *See* Civ. L. R. 9(a)(1). Enforcing this Rule does not elevate form over substance, as the information the form asks for is indispensable for the Court to screen the petition and assess what claims are being made. For instance, the form asks the petitioner to lay out the date of his conviction, the offenses of conviction, and his punishment. It then gives the petitioner space to set forth, in chronological order, every appeal, postconviction motion, or other collateral attack, state or federal, he has ever lodged with respect to the conviction in question. Without details as to what challenges have been made in direct appeal and postconviction proceedings, the Court cannot conclude, one way or the other, whether the grounds for relief asserted in the petition have been properly exhausted before the state courts or whether they have run into procedural default. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001); *See Mahaffey v. Schomig*, 294 F.3d 907, 915 (7th Cir. 2002).

Similarly, without Wand's indication whether he has filed a Section 2254 petition in the past, the Court cannot know whether the instant petition is barred as second or successive. 28 U.S.C. § 2244(b). Additionally, because the Wand copied mostly verbatim his state appellate brief, he has not clearly identified the federal constitutional provisions or laws he believes have been violated. At times in his petition,

he suggests that this Court should review the state court decisions to determine whether he alleged facts warranting an evidentiary hearing on his motion for postconviction relief (as well as whether such relief should, on the merits, have been granted), or whether his counsel was ineffective for failing to succeed on his motion to withdraw his guilty plea. But such language is merely sprinkled in to what appear to be otherwise plagiarized paragraphs. It falls well short of a cogent identification of his asserted claims for habeas relief. Thus, the Court is at a loss to describe what his grounds for relief in this proceeding might be and whether they are cognizable. *See Ray v. Clements*, 700 F.3d 993, 1003 (7th Cir. 2012).

It might be possible for the Court to read Wand's 34-page petition and 72 pages of exhibits in order to piece together the story of his conviction, collateral attacks, and his habeas claims. But the Court's docket is burgeoning and its resources ever more thinly stretched. It is not appropriate for a petitioner like Wand, who is intimately familiar with his own case, to foist such an onerous duty on the Court. If he seeks relief from his conviction and sentence, he would be well served to explain the necessary predicates clearly and concisely. Moreover, the exhibits he attached are practically incomprehensible, as many pages of various documents, including transcripts, motions, and state court decisions on his direct appeal and postconviction proceedings, are presented in random order.

In short, Wand's submissions are a mess. Yet, rather than deny the petition outright, the Court will order Wand to file an amended habeas petition within thirty (30) days using the form for such petitions provided by the Court. A blank copy of that form will be sent to Wand with this Order. As instructed on the form, Wand should attach complete and

accurate copies of all the relevant decisions of any courts that have ruled on his direct appeal, motions for postconviction relief, and any prior habeas petitions in federal court. *See Lewis v. Guokas*, Case No. 16–CV–1288, 2016 WL 6068142, at *2 (E.D. Wis. Oct. 14, 2016) (directing petitioner to resubmit habeas petition on Court-issued form); *Spengler v. United States*, No. 10–C–0772, 2011 WL 2518847, at *3–4 (E.D. Wis. June 23, 2011) (same, noting that "[t]he standard form is meant to expedite consideration of a petitioner's motion").

Accordingly,

**IT IS ORDERED** that, on or before **February 9, 2018**, Petitioner shall file an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, using the form provided to him with this Order. Failure to do so will result in dismissal of this action for failure to prosecute. *See* Civ. L. R. 41(c).

Dated at Milwaukee, Wisconsin, this 10th day of January, 2018.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge