# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JEREMY L. WAND,

                              Petitioner,

v.

STATE OF WISCONSIN,

                              Respondent.

Case No. 17-CV-1712-JPS

**ORDER**

On December 8, 2017, Petitioner Jeremy L. Wand ("Wand") filed a document purporting to be a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that this conviction and sentence were imposed in violation of the Constitution and laws of the United States. (Docket #1). The Court directed Wand to resubmit the petition using the required form provided by the Court. (Docket #5). He has now done so, (Docket #6), and so the Court turns to screening his petition under Rule 4 of the Rules Governing Section 2254 Proceedings.

That Rule authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition. . .that the petitioner is not entitled to relief." This Rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Under Rule 4, the Court analyzes preliminary obstacles to review, such as whether the petitioner

has complied with the statute of limitations, exhausted available state remedies, avoided procedural default, and set forth cognizable claims.

On August 22, 2013, Wand was sentenced after pleading guilty to three counts of first-degree homicide, one count of attempted first-degree homicide, one count of arson, and one count of felony murder by arson, in Lafayette County Circuit Court Case No. 2012CF000075. The charges arose from a fire in September 2012 at his brother's residence that resulted in the death of his three nephews, serious injuries to his sister-in-law, and the death of his sister-in-law's fetus.

Wand received three life sentences on the first-degree homicide offenses with leave to petition for extended supervision beginning on September 8, 2048. On the attempted first-degree homicide conviction, Wand received thirty-five years of incarceration followed by twenty years of extended supervision. On the arson and felony murder offenses, Wand was sentenced to twenty-five years in prison followed by fifteen years of extended supervision. The sentences for all counts were set to run concurrently with each other.

Because Wand's petition concerns the validity of his guilty plea, it is important to understand the timeline of his criminal prosecution. The case was scheduled for a jury trial to begin on July 13, 2013. A month before the trial date, on June 12, Wand appeared in court with his attorneys and expressed his desire to plead guilty and forgo a trial. The court held a colloquy with Wand about this decision. Apparently satisfied that the plea was genuine, the court adjourned until the afternoon to hold a formal plea hearing. The hearing was held and Wand's plea was accepted that day.

On the day set for sentencing, July 19, 2013, Wand appeared again before the court and filed a motion to withdraw his guilty plea. The court heard argument on the motion, directed the parties to submit further briefing, and scheduled an evidentiary hearing for August 22. At that evidentiary hearing, Wand's attorneys, Frank Medina ("Medina") and Miguel Michel ("Michel"), argued that the request to withdraw the plea was based on new evidence he had discovered that could be used to impeach a State witness. The court, after hearing testimony and further argument from the parties, denied the motion. The court reconvened that afternoon and proceeded with sentencing.

Wand filed a notice of intent to pursue post-conviction relief on August 28, 2013, six days after sentencing. The trial court denied post-conviction relief, without first holding an evidentiary hearing, in an order dated October 28, 2015. Wand appealed on November 12, 2015. The Court of Appeals affirmed the trial court's decision on August 25, 2016. *See State v. Wand*, 886 N.W.2d 593, 2016 WL 4468417 (Wis. Ct. App. 2016).[1] Although the available records are not consistent with Wand's representations in his petition, it appears that the Wisconsin Supreme Court may have denied discretionary review of Wand's appeal in late 2016. Wand says this happened on October 7, 2016, but the trial court docket reflects a date of December 16, 2016. There is no indication that Wand ever sought certiorari to the United States Supreme Court.

As part of its screening, the Court will first consider the timeliness of Wand's petition. A state prisoner in custody pursuant to a state court

---

[1] Wand did not attach a copy of that decision to his petition, as the habeas form instructs. However, the Court was able to locate it through the Westlaw database.

judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of Section 2244(d)(1)(A) when all direct appeals in the state courts are concluded followed by either the completion or denial of certiorari proceedings in the United States Supreme Court, or if certiorari is not sought, at the expiration of the ninety days allowed for filing for certiorari. *Ray v. Clements*, 700 F.3d 993, 1003 (7th Cir. 2012).

Here, it appears that Wand's petition is timely. He timely initiated his appeal and post-conviction proceedings after sentencing. Although it is unclear when the Wisconsin Supreme Court denied his petition for discretionary review, the Court has an obligation to construe Wand's allegations and the available facts generously in his favor in light of his *pro se* status. *See Byers v. Basinger*, 610 F.3d 980, 986 (7th Cir. 2010). As such, the Court will, for purposes of screening, take the latest conceivable date—December 12, 2016—as the date of the state supreme court's decision. Wand's petition to this Court was filed on December 6, 2017, which is less than a year later. Thus, the Court cannot say at this early stage that the petition is barred by the statute of limitations.

Next, the Court analyzes whether Wand fully exhausted his state court remedies as to his claims in this proceeding. A district court may not address claims raised in a habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001) (if petitioner "either failed to exhaust all available state remedies or raise all claims

before the state courts, his petition must be denied without considering its merits"). A petitioner exhausts his claim when he presents it to the highest state court for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a prisoner is not required to present it again to the state courts. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

Here, it appears that Wand exhausted some, but not all, of his claims. In his motion for post-conviction relief, Wand argued that he should be allowed to withdraw his guilty plea because he received constitutionally ineffective assistance of counsel. *Wand*, 2016 WL 4468417, at *1. He claimed that his attorneys coerced him into pleading guilty, failed to retain a fire investigation expert to dispute the origin of the fire, and failed to retain a police interrogation expert to support his pretrial motion to suppress his statements to law enforcement made shortly after the fire. *Id.* Within the context of his coercion argument, he presented a theory of coercion as well as a claim that the coercive conduct gave rise to a conflict of interest in his counsel. *Id.* at *2. The Wisconsin Court of Appeals noted that the conflict of interest angle was cumulative and unnecessary, as the focus of the claim was on coercion. *See id.*

On appeal, Wand pressed for a remand with directions to the trial court to hold an evidentiary hearing. *Id.* at *1. The appellate court denied his request, finding that his motion was without merit because he had not pled facts showing that any attorney coercion occurred. *Id.*; *State v. Howell*, 734 N.W.2d 48, 65–66 (Wis. 2007) (to be entitled to an evidentiary hearing on a plea withdrawal motion, the defendant must allege sufficient facts

that, if true, would entitle the defendant to relief, not mere conclusory allegations). Further, the court rejected Wand's two theories of ineffective assistance of counsel based on failure to retain experts. *Id.* at *5–6. With respect to the fire investigation expert, Wand did not allege sufficient facts demonstrating that his attorneys were ineffective for not retaining an additional expert of that type, since the record revealed that one had, in fact, been retained. *Id.* For the police interrogation expert, the Court of Appeals found his opinions inconclusive, and therefore unhelpful, as to whether Wand's confession was voluntary. *Id.*

Wand's petition in this Court raises similar claims. First, he argues that his trial counsel was ineffective for failing to retain an expert on confessions. (Docket #6 at 6). In particular, he claims that Medina consistently pressured him into pleading guilty and chose not to seek out a confessions expert to increase that pressure. *Id.* at 6–7. As the Court's discussion of the state appellate decision makes clear, this ground was properly exhausted.

Second, Wand contends that his trial counsel was ineffective for "failing to properly argue the plea withdrawal motion." *Id.* at 7. Here, Wand asserts four reasons he wanted to withdraw his guilty plea, including that he did not commit the crime, some statements by key witnesses were coerced, he passed a lie detector test, and he was pressured to plead guilty by his counsel. *Id.* It is not clear what Wand's point is here, other than perhaps that he is unhappy that he did not succeed on his plea withdrawal motion, either before sentencing or during post-conviction proceedings. But failure is not *ipso facto* ineffectiveness, *see Brown v. Brown*, 847 F.3d 502, 514 (7th Cir. 2017), and, more importantly, this claim was never presented to the state courts. As a result, it has not

been exhausted. *See Byers*, 610 F.3d at 986 (noting that a Section 2254 petitioner must separately exhaust claims for ineffectiveness of trial counsel and post-conviction or appellate counsel); *Hamilton v. Meisner*, 841 F. Supp. 2d 1064, 1066–67 (E.D. Wis. 2012) (describing procedures for pursuing ineffective-assistance claims in Wisconsin courts).

Wand's final ground for relief is that his counsel had a conflict of interest inasmuch as they coerced him into pleading guilty, against his own interests. *Id.* at 8. As the Wisconsin Court of Appeals observed, Wand's recitation of the claim contains some legal surplusage, but for present purposes it is enough to note that the coercion claim has been fully exhausted.

Thus, the Court finds that only two out of Wand's three habeas claims have been properly exhausted. If a federal habeas petition contains exhausted and unexhausted claims, called a "mixed" petition, the district court may be required to dismiss the entire petition and leave the petitioner the choice of either returning to state court to exhaust the unexhausted claims or amending the petition to present only exhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). Under *Rhines v. Weber*, 544 U.S. 269, 278 (2005), the Court should grant a stay to allow the petitioner to return to state court to exhaust his claims when "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." The Court should also allow the petitioner to amend his petition to remove any unexhausted claims before dismissing the petition. *Id.*

Because Wand presents a "mixed" petition of exhausted and unexhausted claims, the Court must give him a choice. This choice,

however, will depend on the grounds upon which Wand seeks relief. Wand can: (1) dismiss this petition in its entirety in order to exhaust his unexhausted claim in state court; (2) move for a stay and abeyance while he returns to state court to exhaust his unexhausted claim; or (3) elect to proceed on only the exhausted claims described above. If he dismisses the unexhausted claim, then the Court will be able to consider only his exhausted claims.

If Wand elects option (2) and wishes to maintain his unexhausted claims and seek a stay and abeyance, he should file a separate motion for a stay and abeyance. In that motion, Wand will need to show that he "had good cause for his failure to exhaust, his unexhausted clai[m] [is] potentially meritorious, and there is no indication that [he] engaged in intentionally dilatory litigation tactics." *Id.* If Wright elects option (3) and wishes to dismiss his unexhausted claim and proceed only on his exhausted claims, then he should: (a) file an amended petition which does not include the unexhausted claim; and (b) file a separate letter telling the Court that he wishes to proceed only on his exhausted claims. Finally, if Wand elects option (1) and seeks to dismiss this action in its entirety so that he may exhaust his unexhausted claim in state court, he may notify the Court of that decision by letter. The Court hereby warns Wand that, if he proceeds only on the exhausted claims, he may not be able to proceed on his other claim in a second or successive petition. *See* 28 U.S.C. § 2244(b)(2). Whichever course of action Wand elects to take, the Court will require him to file his amended petition, motion, or letter as described herein within **thirty (30) days** of the entry of this Order.

The Court returns to the screening process. It next reviews Wand's petition to determine whether he has procedurally defaulted on any of his

claims. Even though a constitutional claim in a federal habeas petition has been exhausted, the court is still barred from considering the claim if it has been procedurally defaulted by the petitioner. *See Mahaffey v. Schomig*, 294 F.3d 907, 915 (7th Cir. 2002). A state prisoner procedurally defaults on a constitutional claim in a habeas petition when he fails to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by state law. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Thomas v. McCaughtry*, 201 F.3d 995, 1000 (7th Cir. 2000). Here, on the record before the Court, is it does not appear that Wand has procedurally defaulted on his properly exhausted claims. Of course, the unexhausted claim might be procedurally defaulted if Wisconsin courts will refuse to hear it. But that is not certain at this juncture, and so the Court will not reject any of Wand's claims on the basis of procedural default at this time.

The Court concludes its Rule 4 review by screening for patently frivolous claims in Wand's petition. *Ray*, 700 F.3d at 996 n.1. Without expressing any opinion as to the potential merit of Wand's claims, it does not plainly appear that they are frivolous. Notably, while the denial of an evidentiary hearing on Wand's claims sounds like the application of a state procedural rule, for which no habeas review would be available, federal courts in Wisconsin have determined that it fairly presents a federal issue. *See Pidgeon v. Smith*, No. 13–cv–57–bbc, 2013 WL 6571807, at *4–6 (W.D. Wis. Dec. 13, 2013); *Ward v. Deppisch*, No. 07C0961, 2008 WL 2694746, *8 (E.D. Wis. July 3, 2008), *aff'd by Ward v. Jenkins*, 613 F.3d 692 (7th Cir. 2010). Although the Court does not foreclose the State from arguing the matter further, it finds that Wand's claims are not plainly frivolous.

Accordingly,

**IT IS ORDERED** that, within **thirty (30) days** of the entry of this Order, Petitioner shall: (1) file a letter seeking dismissal of this action in its entirety while he exhausts his unexhausted claim in state court; (2) move for a stay and abeyance of this action while he exhausts his unexhausted claim in state court; or (3) file a letter indicating that he wishes to proceed only on his exhausted claims and file an amended petition that does not include the unexhausted claim.

Dated at Milwaukee, Wisconsin, this 12th day of February, 2018.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge