# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JEREMY L. WAND,

                Petitioner,

v.

STATE OF WISCONSIN,

                Respondent.

Case No. 17-CV-1712-JPS

**ORDER**

        Petitioner Jeremy L. Wand ("Wand") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that his conviction and sentence were imposed in violation of the Constitution and laws of the United States. (Docket #1). The Court screened the petition on February 12, 2018. (Docket #7). In doing so, the Court found that Wand had exhausted his state court remedies as to only two of his three asserted grounds for habeas relief. *Id.* at 4–7. Consequently, the Court offered Wand a choice between three alternatives: (1) dismiss the entire petition and return to state court to complete exhaustion as to all his habeas claims; (2) seek a stay and abeyance in this Court in order to pursue exhaustion in the state court; or (3) dismiss the unexhausted claim from this proceeding. *Id.* at 7–8. The Court warned him of the potential consequences of each option. *Id.*

        Wand filed a letter on March 5, 2018, stating that he "chose [sic] to take my case back to the state court and argue the unexhausted claim with hopes that the state court will accept my claim so I can prove my innocence." (Docket #8); *see also id.* at 3 ("I will leave your courts [sic] and

exhaust my unexhausted claim and come back when I [sic] done.").¹ Thus, Wand has elected to take the first option the Court offered. The Court will, therefore, dismiss this petition without prejudice for failure to fully exhaust the available state court remedies.

Accordingly,

**IT IS ORDERED** that Petitioner's amended petition for a writ of habeas corpus (Docket #6) be and the same is hereby **DISMISSED without prejudice** for failure to exhaust state court remedies as to all asserted grounds for relief; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED**.

Dated at Milwaukee, Wisconsin, this 6th day of March, 2018.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

---

¹Wand's letter continues with an explanation of his alibi for the offenses in question, a claim that his confession to the police was coerced, and attacks on his trial and appellate counsel. (Docket #8 at 1–4). Wand has elected to return to state court and dismiss this federal habeas petition, and so these contentions add nothing to the Court's analysis.